### WOODWARD *v.* CRIDER *et al.*

GILBERT, J. The evidence, in the light of the admission of plaintiff made in judicio, with all reasonable inferences and deductions therefrom, demanded a verdict for the defendant. It was therefore not error for the court so to direct. *Judgment affirmed. All the Justices concur.*

No. 6009. DECEMBER 17, 1927.

Ejectment. Before Judge Humphries. Fulton superior court. February 9, 1927.

Mrs. Kate Howell Woodward brought ejectment against Mrs. Beatrice Crider and another. On the first trial of the case a verdict was directed in favor of plaintiff for a part interest in the land in dispute. The defendants excepted; and this court reversed the judgment of the lower court, in a decision carrying an adequate report of the facts. *Crider* v. *Woodward,* 162 *Ga.* 743 (135 S. E. 95). The case coming on for a second trial, a verdict was directed in favor of the defendants; whereupon the plaintiff excepted, making the present case. The plaintiff moved that the court direct a verdict in her behalf, stating "that the case was controlled by the question as to whether the deed from Eliza Butler to Felix A. Vaughn, introduced in evidence by the defendant, constituted color

Ejectment, 19 C. J. p. 1178, n. 30.
Trial, 38 Cyc. p. 1565, n. 84; p. 1577, n. 36.

of title as to the land in.dispute; that if it did so constitute color of title to said land, the verdict should be in favor of the defendant; that if it did not constitute such color of title to said land, the verdict should be directed in favor of the plaintiff for the land in dispute."

*Julian Chambers* and *Little, Powell, Smith & Goldstein,* for plaintiff.

*Mitchell & Mitchell,* for defendants.